The next case this morning is 522-0492, Papal v. Anzano-Chambliss. Arguing for the Defendant Appellant is Julie Thompson. Arguing for the State Appellee is Trent Marshall. Each side will have 10 minutes for their argument. The Appellant will also have 5 minutes for rebuttal. Please note only the Clerk is permitted to record these proceedings. Good morning, Counsel. Good morning. Good morning. Ms. Thompson, are you ready to proceed? I am, Your Honor. All right, you may do so when ready. Thank you. May it please the Court and Counsel, my name is Julie Thompson. I'm from the Office of the State Appellate Defender. I am here today representing Anzano-Chambliss in the direct appeal of his conviction for aggravated battery. Mr. Chambliss was arrested and placed in jail without an arrest warrant. Because he had other pending cases at the time that are unrelated, he already had a public defender. So the Court appointed the same public defender to represent him in the arrest for the aggravated batteries. Counsel for Mr. Chambliss immediately filed a motion for fitness. It had been a problem in the past and was a motion I think was also pending in the cases that Counsel already had. Mr. Chambliss involved with the Court granted the fitness motion and ordered Dr. Peterson to do a fitness examination of Mr. Chambliss before anything else could proceed in the case. Mr. Chambliss was not cooperative with Dr. Peterson and refused to participate in a fitness examination. The case drug on and drug on and there was a change of judicial assignments. A new judge came in, also ordered fitness with a different doctor. This time Mr. Chambliss did comply, had a fitness interview and the doctor found him fit. He returned to court and on the day that the court found him fit to stand trial, the court then addressed Counsel's motion for leave to withdraw, granted it, allowed Mr. Chambliss to represent himself and set the matter for a jury trial. The case went to trial. Mr. Chambliss was found guilty of two counts of aggravated battery and was subsequently sentenced to four years in the Department of Corrections. He remains incarcerated. We are here today to appeal the conviction. Mr. Chambliss was arrested, charged, tried and convicted without a finding of probable cause being made by a court. He was not given a preliminary hearing. He did not waive a preliminary hearing. He was not indicted. He went from charges to trial without a finding of probable cause. Mr. Chambliss, let me ask you a question. Hasn't this issue already been decided by both our 5th District and the U.S. Supreme Court? Specifically, I'm looking at Gerstein v. Pugh, People v. Riddle and People v. Howell. I'm not familiar with the cases the court is speaking to, Your Honor. People v. Howell was where the court talked about the fact that the failure to hold a preliminary hearing was not structural error. Let's begin with a simpler question. Don't you have plain error in this case? We do have plain error in this case, Your Honor. Mr. Chambliss did not raise the issue and we are arguing that this is structural error. So, what is the second? Which prong of the plain error second? Assume there was error for a moment. Yes. What prong are you proceeding on? This is structural unfairness. This is structural unfairness, Your Honor. This is second prong plain error. The cases that I found in my research, Your Honor, and I researched this for a fairly significant period of time, were cases where I found that the denial of a prompt preliminary hearing was not a problem, was not unconstitutional, was not structural error. The problem is that there was no prompt hearing given. There was no hearing given here at all. As I said, my research disclosed only cases where denial of the prompt preliminary hearing is not found to be structural error. And in fact, the state law provides that the denial of a prompt preliminary hearing can result in the dismissal of a case when it is raised to the attention of the trial court. That's 725 ILCS 51093.1. Our position here is that that same statute should apply to Mr. Chambliss because he was denied any preliminary hearing at all. Can he waive that right? He can waive that right, Your Honor, but there has to be an affirmative waiver. He has to have been advised that he has that right, and then he has to affirmatively waive it. There was no waiver of the right. Your distinction, and maybe that's where I've gone off the rails here a bit, is the word prompt. It's the word prompt, Your Honor, and the statute with regard to dismissal specifically speaks to the failure to provide a prompt preliminary hearing. I could find no case, published or not, where a defendant was denied any preliminary hearing. Every case that speaks to it speaks to the denial of a prompt hearing. The statute does provide that a person incarcerated is entitled to that preliminary hearing within 30 days, and that is known as the prompt preliminary hearing requirement. Mr. Chambliss didn't receive any preliminary hearing at all. There is a constitutional right to the preliminary hearing that's guaranteed in the Illinois Constitution. And there is also, let me find my note, Illinois Constitution Article 1, Section 7, no person shall be held to trial unless given a prompt preliminary hearing to establish probable cause. And that's where the prompt, I think, originally comes from, is the idea of the prompt preliminary hearing comes directly from the Constitution. The statutes under that, 725 ILCS 5109 3.1, requires preliminary hearing within 30 days when a defendant is held in custody. Because he was found, because the court had a fitness question right at the beginning, the only mention of preliminary hearing in this record for Mr. Chambliss at all was made at the time that the court originally ordered a fitness exam. And at that time, the court and counsel and the state all agreed that the preliminary hearing had to be delayed pending a fitness finding. That was accurate. The difficulty here occurred when the court did find Mr. Chambliss unfit, then immediately allowed counsel to withdraw and set the case, instead of for preliminary hearing, immediately set the case for trial. Now, there had been a change in judges from the original judge to a different judge when the trial, when Mr. Chambliss was found fit. But the court has a duty to uphold the Constitution and enforce the laws, and he's entitled to a preliminary hearing. The state also was present. The state also has an obligation to uphold the laws and to serve justice. And the state or the court should have looked up and said, we need to have a preliminary hearing before we have a trial. No one did that. He simply went to trial without a preliminary hearing. The purpose of the preliminary hearing requirement is to prevent unjust detention by the prosecution, to prevent a defendant from being arrested, placed in jail, held in jail until trial, all of which happened here to Mr. Chambliss. The purpose of that preliminary hearing is to protect an individual from being held in custody without an independent finding of probable cause. It protects against corrupt and overzealous prosecutions. This is structural error, and I would cite the court here to People v. Moon, I think is the strongest precedent we have in our favor. In People v. Moon, the trial court failed to swear the jury oath, had a trial, found the defendant guilty, he was convicted. And the Illinois Supreme Court subsequently found that the failure to provide that oath to the jury before a trial and before the conviction was structural error. It was required under both the Illinois Constitution and the common law, just like the preliminary hearing is required under the Constitution as well as statutory law. And the court found that the failure to administer that oath affected the framework of the trial and threatened the integrity of the judicial process. My position is that's the exact same thing that failure to provide a preliminary hearing has done to Mr. Chambliss. It has affected the framework of the trial and it threatens the integrity of the judicial process. The idea that he has now been convicted and so that absolves the state and the court from having to worry about finding probable cause. Well, of course, there's probable cause. He's guilty. We can't do that. We simply cannot allow the state to decide not to provide a preliminary hearing and then to decide that if a conviction is obtained, that's good enough. And the right has somehow been abrogated. We would ask the court not to do that. Find that this in this particular instance, and this is very, very narrow. As I said, my research produced no case where preliminary hearing was denied to a defendant. Find that this is structural error. Add this to the list of structural errors, such as not providing an oath, not providing counsel, and order this case remanded for a new trial. Thank you. At what point in time would you suggest the court draw a bright line rule on what constitutes a prompt preliminary hearing? I mean, here we had the information that got amended and he had an arraignment on that information. Should we have had another? Should we have had a prompt preliminary hearing then? I think that the law on that is that only if the charges are dramatically different. I don't think he's entitled to a second preliminary hearing based on that amendment of the charges. But he never had a first one. So, I'm asking, in this case, where would you have us draw the line? Where the line should have been drawn here was when the court found Mr. Chambliss fit. When he was found fit, all of his pretrial procedural rights are reinstated or are taken off hold, basically, and go forward. So, when the trial court found him fit and counsel, the court then proceeded to the next things on the docket, which was counsel's motion to dismiss or motion to withdraw. And at that point is when the preliminary hearing should have been scheduled. And it simply wasn't. By the time the state amended the charges, the amendment to these charges was not substantive. They changed it from battery, great bodily harm to battery public place. And that's what made it aggravated. So, our position is that his preliminary hearing should have been held within 30 days of his fitness finding. Okay, thank you. Justice Welch? Your question. Justice McKinney? How do you respond to the state's argument in their brief that here the defendant was only in custody for, like, 12 days? So, the state says that's no big deal. Well, Mr. Chambliss was actually in custody, I think, for a total of, it was 42 days between the time he was found fit to stand trial and the time of his trial. So, 12 days beyond the prompt preliminary hearing requirement is what the state is arguing. And that is not an extraordinary amount of time. And there are cases, and I'm sure the state cited some, where the denial of a prompt preliminary hearing that is subsequently given does not result in a dismissal of the case under the statute allowing for dismissals when the failure to provide a prompt preliminary hearing occurs. Our position is simply this. He didn't get one at all. So, the fact that, well, it was only a 12-day delay, 12-day delay to what? It was a 12-day delay from the time his prompt preliminary hearing clock ran out until the day his jury trial started. There was still no independent finding by anybody of probable cause in this case to hold him pending trial. So, I think the state's position is much like I said, the idea that he's subsequently convicted somehow absolves the court and the state from not providing him with a preliminary hearing flies entirely in the face of the constitutional requirement. He's entitled to that preliminary hearing. It's supposed to be prompt. Even if it's not prompt, he's still entitled to it. And he never did get it. All right, thank you. Justice Welch, anything further? No questions. Okay, thank you, Ms. Thompson. You'll have a few minutes after Mr. Marshall's argument. Mr. Marshall, are you ready to proceed? Yes, Your Honor. Thank you. You may do so. Thank you. I would first clarify that in People v. White, the defendant was not given a preliminary hearing on the state's amended information, prompt or otherwise. It was just missed by the parties, and White was quite clear that the denial of a preliminary hearing is to be treated as a charging instrument error, such that when it is raised for the first time on appeal, plain error review is not appropriate and Gilmore standard controls. Now, even if we ignore White for a moment, or assume it didn't exist, it was never decided, the state's position that the denial of pretrial probable cause determination cannot possibly constitute structural error, given that a probable cause determination is not essential to a fair trial, and that by definition, a structural error is an error that affects the framework within which the trial proceeds, and thus presumptively results in an unfair trial. Justice Cates, I do believe that in Howell, in some of these older cases, this issue was decided, albeit under the pre-Glasper plain language rule. Yeah, plain language. But whether it's Glasper, pre-Glasper, post-Glasper, Moon, Jackson, it's all the same, and this does not constitute a structural error in the state's mind, and for these reasons, I would ask that you respectively reject the defendant's argument and affirm his convictions for aggravated battery. Counsel, the Illinois Constitution mandates a preliminary hearing, doesn't it? For felony defendants, yes, sir. All right, here, there wasn't one, so how is that not in violation of the Illinois Constitution? It is a violation of the Illinois Constitution, but the remedy, when the defendant raises error for the first time on appeal, is governed by the Gilmore standard, so he has to establish prejudice in the preparation of his defense to get relief. It's the state's position, Your Honor. Okay, thank you. Does that conclude your remarks, Mr. Marshall? If there are no questions, Your Honor, I would thank you for your time, and I have nothing else to add. Justice Welsh, anything? No questions. Anything further, Justice McCain? No. All right, thank you, Mr. Marshall. Brevity is oftentimes appreciated by this court. Thank you. Ms. Thompson, rebuttal? Your Honor, I would point the court again to the recent Illinois Supreme Court decision, People v. Moon, and counsel mentioned Jackson in his argument. Jackson and Moon were decided at almost the same time. Moon found structural error when the court failed to provide the jury oath before trial. Jackson found it was not structural error to fail to pull the jury subsequent to the trial. I don't think the situations are the same, and I think the real trigger there is that Moon, the jury oath is provided for in Constitution and the statutes, and Jackson pulling the jury is not. In Jackson, the error happened at the end of the trial. In Moon and in Mr. Chambliss' case, the error happened prior to the trial when the preliminary hearing simply was not given. We believe that because there is no published decision where a defendant was denied his right to a preliminary hearing, this case will be precedent for the state. And because of that, we think it's significant that the court find that the failure to provide a defendant with the constitutional and statutory right to a preliminary hearing is structural error and will result in a reversal and a remand. Thank you. Ms. Thompson, you're not familiar with the People v. Howell case from 1975, which involved an armed robbery defendant who was held 65 days without giving him a prompt preliminary hearing? If I read it, Your Honor, I would not have made reference to it because it denied the prompt preliminary hearing, not any preliminary hearing. Well, in that case, they said that when you raise the issue for the first time on appeal, it was a waiver of the right to present the same on appeal where evidence in the prosecution was so overwhelming as to guilt that there was no reason for the court to exercise its authority to consider the failure to conduct a prompt preliminary hearing as plain error. Now, it sounds like that may be looking more at the prejudice side than the structural error side. I think it is, Your Honor, but I also believe that that is the problem here is that we're making that distinction again with prompt. He was entitled to a prompt preliminary hearing that he didn't receive. He did receive a preliminary hearing. He just didn't get it promptly. So I think when the court speaks to having to show prejudice because of the delay in the hearing, they're talking about the delay. They're talking about not receiving a prompt hearing. They're not talking about not receiving any hearing. And I think that is the distinction here. And that is why in my research, what I searched was cases where preliminary hearing had been completely denied to a defendant as it was here. And there are no cases like that. There simply aren't. Everything speaks to the prompt preliminary hearing and the delay. And they want the defendant in that situation to show that that delay caused some kind of prejudice. We can't show that. I'm sorry. I simply said we can't show prejudice where we never had the opportunity to have the hearing. When we talk about second-pronged plain error, though, we're talking about some structural defects such as the failure to hold a preliminary hearing, which somehow makes it unfair or there's a denial of due process or something that would attack the fundamental fairness of the process itself. Here we had a jury trial. We had an amended information. I'm not sure how the process was so fundamentally flawed when all of this took place. And there's certainly no surprise to your client. So the remedy certainly wouldn't be dismissal here, would it? The statute says that the failure to provide a prompt preliminary hearing within 30 days can result in dismissal if the defendant files a motion and seeks dismissal. There is no other remedy provided by law because this is a situation that simply hasn't happened before. The denial of the preliminary hearing law has not been made on that because it hasn't happened. My position on this would be that he has been denied a fundamental constitutional right. The Constitution says every person charged with a felony gets a preliminary hearing. He didn't get one. Counsel, you used the term denied. He wasn't actually denied. He just didn't get one. He didn't ask for one. He was not denied one. There was not a denial. It was just he didn't get one. He didn't ask for one, Your Honor, but the trial court and the state both have an affirmative obligation to follow the Constitution and the laws. So the fact that he didn't know that he doesn't need to ask for a preliminary hearing, he's supposed to have a preliminary hearing. The court is supposed to schedule a preliminary hearing. That's part of the process. I was just going to get to your terms that you said denial. The court didn't deny anything. Well, that's true. The court wasn't asked. The court just failed to provide it. It is perhaps a better phrasing for that than the court and the state both failed to provide him with a preliminary hearing. And I think that the problem that we get to is we're looking at this saying, well, what prejudice resulted to him? The fact that the court and the state failed to follow the Constitution and the laws prior to convicting him is the prejudice or the harm that the court needs to protect him from. And it's not just him. It's every other defendant. When we look at a situation where we say, well, if the court simply fails to hold a preliminary hearing and the state is able to subsequently obtain a conviction, then that's good enough. Then why do we have the right in the Constitution to have a preliminary hearing? It simply doesn't work to so find. I think the only just determination here and the only remedy that the laws offer is dismissal if there is no prompt preliminary hearing given. I think application of that law in this situation to Mr. Chambliss' situation is the appropriate remedy here. That's also the only remedy that the law even minimally provides for him at this point. But that requires a motion on his part under the statute. Under the statute, the failure to provide a prompt preliminary hearing, the defendant has to file a motion saying I've been denied my right to a prompt preliminary hearing. And at that point, the court has the right to dismiss the case and the state. And it's a dismissal without prejudice. The state has the right to refile that very same case, charge the defendant again and provide him the preliminary hearing that he was entitled to. Do we have such a motion in this case? We do not, Your Honor. No. Mr. Chambliss was pro se after counsel withdrew. He remained pro se throughout. He did not file any motion like that. Okay. Justice Welch, any further questions? No, I have none. Justice McKinney? Nothing further. All right. Thank you both for your arguments here today. This is an interesting matter, obviously. We'll take the matter under advisement and we'll issue an order in due course.